

RECEIVED
AUG 1 4 2025
BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DERWIN SIMS, SR.    Case No. _____
IRIS T. WATSON,
Plaintiffs,        v.

                BANK OF AMERICA, N.A.,
                COMPU-LINK CORPORATION,
                Defendants.

**COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF, QUIET TITLE, BREACH OF CONTRACT, WRONGFUL FORECLOSURE INJUNCTIVE RELIEF, AND ACCOUNTING**

I. INTRODUCTION

1. Plaintiffs bring this action to stop Defendants from initiating foreclosure proceedings on their family home in violation of HUD reverse mortgage regulations, contractual servicing obligations, and equity.

2. Defendants have demanded an inflated payoff amount and threatened foreclosure without providing the mandatory notices and procedures required under the HUD HECM program, and have withheld critical loan and appraisal records necessary for Plaintiffs to protect their rights.

3. Plaintiffs seek injunctive relief, declaratory judgment, an accounting, and quiet title to prevent wrongful foreclosure and ensure lien enforcement only in compliance with law.

II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 because the claims arise under federal HUD HECM regulations incorporated into the mortgage contract and under 28 U.S.C. § 2201 for declaratory relief.

5. In the alternative, diversity jurisdiction exists under 28 U.S.C. § 1332, as Plaintiffs are citizens of Arkansas (Mr. Sims) and Missouri (Ms. Watson), Defendants are citizens of other states, and the amount in controversy exceeds $75,000.

6. Venue is proper in this District under 28 U.S.C. § 1391 because the property is located here and the relevant acts occurred here.

III. PARTIES

7. Plaintiff Derwin Sims, Sr. is an heir and successor-in-interest to the subject property and actively assists in its protection and preservation.

8. Plaintiff Iris T. Watson is also an heir and has resided in the home continuously for approximately fifteen (15) years.

9. Defendant Bank of America, N.A. is the originating lender of the HUD-insured reverse mortgage at issue.

10. Defendant Compu-Link Corporation is the current loan servicer responsible for account management, notices, payoff calculations, and foreclosure actions.

IV. FACTUAL BACKGROUND

11. In 1998, Plaintiffs' late mother executed and recorded a beneficiary deed naming Plaintiffs as the successors-in-interest to the property upon her death. This deed was a matter of public record.

12. In or about 2010, Bank of America originated a HUD-insured reverse mortgage on the property.

13. As part of its origination process, Bank of America reviewed title and recorded instruments, which revealed the 1998 beneficiary deed. Bank of America therefore had actual and constructive notice that Plaintiffs held a vested future interest in the property and would be entitled to HUD-required notices and opportunities to resolve the debt upon the borrower's death.

14. Despite this knowledge, the reverse mortgage documentation and subsequent servicing failed to safeguard Plaintiffs' interests, leading to the violations at issue.

15. In or about 2024, HUD's contracted appraiser valued the property at approximately $86,000.

16. Defendants later demanded a payoff of approximately $122,000 without providing supporting calculations, lawful updated valuation, or the underlying records.

17. No Due and Payable Notice was ever sent to Plaintiffs, despite HUD regulations requiring such notice before foreclosure.

18. Compu-Link has verbally threatened foreclosure to Ms. Watson but has not complied with HUD's pre-foreclosure notice and cure requirements.

19. Defendants have refused to produce the complete loan file, payoff ledger, correspondence history, and appraisal documentation, all of which are in their exclusive possession.

20. Bank of America has previously faced federal regulatory actions, including settlements with the U.S. Department of Justice, over failures in HUD reverse mortgage servicing, such as improper foreclosure procedures and noncompliance with HUD-mandated notices.

21. Plaintiffs face imminent and irreparable harm if foreclosure proceeds without full compliance with HUD regulations and contractual duties.

V. CLAIMS FOR RELIEF

Count I – Violation of HUD Reverse Mortgage Servicing Regulations

22. Plaintiffs incorporate ¶¶1–21.

23. Defendants failed to provide required Due and Payable Notices, lawful payoff calculations, and opportunities to cure or sell as mandated by HUD HECM regulations.

24. Bank of America's origination of the loan with actual and constructive notice of the 1998 beneficiary deed underscores its ongoing responsibility in ensuring compliance with HUD requirements.

Count II – Breach of Contract / Implied Covenant of Good Faith & Fair Dealing

25. Plaintiffs incorporate ¶¶1–21.

26. Defendants breached contractual duties, including those incorporated from HUD regulations, by skipping required pre-foreclosure steps, demanding inflated payoff amounts, and withholding necessary records.

Count III – Wrongful Foreclosure Injunctive Relief (Pre-Foreclosure)

27. Plaintiffs incorporate ¶¶1–21.

28. Any foreclosure without compliance with HUD requirements would be wrongful under Missouri law. Plaintiffs seek injunctive relief barring initiation of foreclosure until compliance is shown.

Count IV – Declaratory Judgment & Quiet Title

29. Plaintiffs incorporate ¶¶1–21.

30. An actual controversy exists regarding the enforceability of the lien.

31. Plaintiffs seek a declaration that the lien is not presently enforceable due to noncompliance, or alternatively that enforcement is limited to a lawful payoff amount determined by the Court, and that Defendants be ordered to record a release upon payment.

Count V – Accounting / Production of Records

32. Plaintiffs incorporate ¶¶1–21.

33. Plaintiffs are entitled to a full accounting of all amounts claimed, including the payoff ledger, correspondence history, and appraisal records.

VI. PRAYER FOR RELIEF

Plaintiffs respectfully request:

A. A preliminary and permanent injunction barring foreclosure until Defendants comply with all HUD requirements and contractual duties, and produce all requested loan and appraisal records.

B. A declaratory judgment that the lien is not presently enforceable, or that enforcement is limited to a lawful payoff amount determined by the Court.

C. Quiet title relief declaring the lien unenforceable absent compliance and ordering a release to be recorded upon payment of any lawful payoff.

D. An order compelling a full accounting and production of all loan, payoff, and appraisal records.

E. Costs and such further relief as the Court deems just.

Respectfully submitted,

*Derwin Sims*

Derwin Sims, Sr.
4013 Willow Pointe Drive
Jonesboro, AR 72405
870-340-5980
Plaintiff, pro se

*Iris T. Watson*

Iris T. Watson
8339 Seville Ave
University City, MO 63132
314-997-6009
Plaintiff, pro se