UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DERWIN SIMS, SR. et al.,         )<br>                                                      )<br>            Plaintiffs,                  )<br>                                                      )<br>    v.                                            )<br>                                                      )<br> BANK OF AMERICA, N.A. et al.,  )<br>                                                      )<br>            Defendants.                )  | Case No. 4:25-cv-01235-JMD |

**<u>Memorandum and Order</u>**

Plaintiffs Derwin Sims, Sr., and Iris T. Watson, proceeding without counsel, filed this action on August 14, 2025.  ECF 1.  They seek to stop foreclosure on their property, alleging that Bank of America, N.A. and Compu-Link Corporation violated HUD reverse-mortgage regulations and contractual duties.  ECF 1 at ¶ 3.  Sims and Watson also moved for leave to proceed *in forma pauperis*, ECF 2, 3, and they have since filed an emergency motion for temporary restraining order and preliminary injunction, ECF 10.  For the reasons set forth below, the Court **GRANTS** Sims and Watson's *in forma pauperis* motions and sets the motion for temporary restraining order for expedited hearing on **Tuesday, October 7, 2025, at 2:00 p.m.**

**I. Background**

According to the complaint, Sims and Watson's late mother executed and recorded a beneficiary deed naming them as successors-in-interest to the property at issue.  ECF 1 at ¶ 11. Approximately twelve years later, Bank of America, N.A. originated a reverse mortgage on the property insured by the United States Department of Housing and Urban Development.  *Id*. at ¶ 12.  Sims and Watson claim that Bank of America, N.A., having reviewed the title and recorded instruments, had notice of their interests in the property.  *Id*. at ¶ 13.

They further allege that in 2024, an appraiser for the Department valued the property at approximately $86,000, yet Bank of America, N.A. and Compu-Link later demanded an inflated payoff of approximately $122,000. *Id*. at ¶¶ 15–16. They contend that the companies never sent the required due-and-payable notices and withheld critical records, preventing Sims and Watson from protecting their rights. *Id*. at ¶¶ 17, 19.

They assert five claims: (1) violation of Department regulations; (2) breach of contract; (3) wrongful foreclosure; (4) declaratory judgment and quiet title; and (5) an accounting. ECF 1 at ¶¶ 22–33. Several items reflect remedies rather than independent causes of action, but the Court recounts them as framed in the pleading.

Sims and Watson invoke federal-question jurisdiction under 28 U.S.C. § 1331, alleging that the companies violated the Department's Home Equity Conversion Mortgage Program regulations that were incorporated into the mortgage contract. ECF 1 at ¶ 4. They also cite 28 U.S.C. § 2201 for declaratory relief. *Id*. In the alternative, they invoke diversity jurisdiction under 28 U.S.C. § 1332, asserting that Sims is a citizen of Arkansas, Watson is a citizen of Missouri, and the companies are citizens of other states, with the amount in controversy exceeding $75,000. *Id*. at ¶ 7.

## II. Motions to Proceed *in Forma Pauperis*

Sims and Watson both seek leave to proceed *in forma pauperis*. ECF 2, 3. To obtain *in forma pauperis* status, 28 U.S.C. § 1915(a)(1) requires a plaintiff to "submit[] an affidavit that includes a statement of assets" he "possesses" showing that he "is unable to pay" the filing fee. A plaintiff need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But a plaintiff must demonstrate—in a motion and supporting

2

affidavit—"that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life." *Hobson v. Schmitt*, No. 4:23-cv-00781-SRC, 2023 WL 4234550, at *3 (E.D. Mo. June 28, 2023) (citing *Adkins*, 335 U.S. at 339).

Sims reports monthly household income of $2,598, $188 in cash, and significant recurring debts.  ECF 2 at 1–2.  Watson reports monthly income of $2,173, $100 in cash, and similar recurring obligations.  ECF 3 at 1–2.  Both individuals state they cannot prepay the filing fee.  ECF 2 at 1; ECF 3 at 1.  The Court finds that both Sims and Watson lack sufficient funds to pay the costs of this action and therefore grants their motions.  *See* 28 U.S.C. § 1915(a)(1).

### III. Initial Review

#### A. Standard

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).  To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (internal citation omitted).  The Court must "accept

as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented person's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  The Court need not assume unalleged facts.  *See e.g.*, *Stone*, 364 F.3d at 914–15.  Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### B. Discussion

At this early stage, the Court accepts Sims and Watson's jurisdictional allegations as true, but notes that their invocation of federal-question and diversity jurisdiction may require further development.  On the present record, the allegations are not so baseless as to preclude screening under 28 U.S.C. § 1915(e), and the Court need not definitively resolve the jurisdictional questions at this juncture.

*Count I — Violation of HUD Regulations*

Sims and Watson allege that the companies failed to comply with Department-mandated servicing requirements before proceeding to foreclosure.  ECF 1 at ¶¶ 16–19.  Because

4

Department regulations do not themselves create a private right of action, Sims and Watson cannot pursue an independent claim for violation of these regulations.  *See Sims v. United States Dep't of Hous. & Urb. Dev.*, No. 4:25-CV-01165 HEA, 2025 WL 2299434, at *4 n.6 (E.D. Mo. Aug. 8, 2025).  However, they also allege that the reverse-mortgage agreement expressly incorporates Department-mandated procedures.  *Id*. at ¶¶ 21, 26.  Those allegations are properly considered as part of their breach-of-contract claim. The Court therefore dismisses count I as a standalone claim.

*Count II — Breach of Contract*

In count II, Sims and Watson allege that the reverse-mortgage agreement expressly incorporated Department servicing requirements, and that the companies breached those requirements by demanding an unsupported payoff and withholding loan documents.  ECF 1 at ¶ 26.  They assert that the companies breached the agreement by not issuing the required due-and-payable notice, *id*. at ¶ 17, refusing to provide a supported and accurate payoff amount, *id*. at ¶ 16, denying an opportunity to cure, *id*. at ¶ 18, and withholding loan records necessary to verify the debt, *id*. at ¶ 19.

Accepted as true, these allegations permit a reasonable inference that the companies failed to meet their contractual obligations.  *See Iqbal*, 556 U.S. at 678.  Accordingly, count II may proceed.

*Count III — Wrongful Foreclosure*

In count III, Sims and Watson seek to enjoin foreclosure proceedings based on the companies' failure to comply with their pre-foreclosure contractual obligations.  ECF 1 at ¶ 28.  Under Missouri law, the tort of wrongful foreclosure is limited to damages claims after a foreclosure has already occurred.  *Reese v. First Mo. Bank & Tr. Co. of Creve Coeur*, 736

5

S.W.2d 371, 373 (Mo. banc 1987).  There is no tort claim for "attempted wrongful foreclosure." *Id*.  Equitable remedies, however, remain available to prevent a wrongful sale.  *See Memhardt v. Nationstar Mortg., LLC*, No. 4:17-CV-01411-AGF, 2018 WL 5923445, at *10 (E.D. Mo. Nov. 13, 2018) ("A property owner who disputes a lender's right or ability to foreclose upon her property may sue to enjoin the foreclosure sale from occurring.").  While Sims and Watson may not recover damages for a foreclosure that has not occurred, their request for equitable relief remains plausible as a form of relief.  Accordingly, the Court dismisses count III to the extent it asserts a standalone tort claim for wrongful disclosure.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court does not, however, dismiss their claim to injunctive relief as a potential remedy if they succeed on other counts.

*Count IV — Declaratory Judgment and Quiet Title*

In count IV, Sims and Watson seek a declaration that the reverse-mortgage lien is not presently enforceable absent compliance with Department regulations and contractual obligations.  ECF 1 at ¶ 31.  In the alternative, they seek an order establishing a lawful payoff amount and requiring the companies to record a lien release upon satisfaction.  *Id*.

Missouri law recognizes quiet title actions to resolve disputes over property interests and liens.  *See, e.g.*, *Ollison v. Vill. of Climax Springs*, 916 S.W.2d 198, 201 (Mo. banc 1996).  Federal courts may exercise jurisdiction where such disputes implicate federal regulations, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), or diversity exists, 28 U.S.C. § 1332.

At this preliminary stage, Sims and Watson have alleged a concrete dispute over the enforceability of the lien, supported by specific factual allegations.  While this matter may ultimately turn on questions of standing or the precise terms of the agreement, they plausibly

6

state a substantive controversy supporting declaratory relief under 28 U.S.C. § 2201, and Missouri quiet-title law.  Count IV states a plausible claim for declaratory relief.

*V — Accounting*

Sims and Watson request an accounting of all sums claimed due under the reverse-mortgage agreement, including payoff ledgers, correspondence history, and appraisal documentation, which they allege the companies alone possess.  ECF 1 at ¶¶ 19, 33.  Under Missouri law, an equitable accounting requires, among other things, the existence of a fiduciary or trust relationship, and a lack of other adequate legal remedies.  *Ballesteros v. Johnson*, 812 S.W.2d 217, 220 (Mo. Ct. App. 1991).

Sims and Watson do not allege a fiduciary or trust relationship with the companies.  In Missouri, the lender-borrower relationship is one of debtor and creditor, not fiduciary.  *Frame v. Boatmen's Bank of Concord Vill.*, 824 S.W.2d 491, 494 (Mo. Ct. App. 1992).  Moreover, if this matter proceeds beyond preliminary stages, discovery will provide Sims and Watson access to the necessary records.  The Court dismisses count V for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. Motion for Temporary Restraining Order

Sims and Watson seek emergency injunctive relief to prevent foreclosure on their property, which they allege is scheduled to occur on or after October 9, 2025.  ECF 10.  Because Bank of America, N.A. and Compu-Link Corporation are identifiable and may be served, *ex parte* relief is not warranted.  The Court, however, finds it appropriate to expedite these proceedings considering the imminent nature of the alleged harm.  To that end, the Court sets Sims and Watson's motion for temporary restraining order for expedited hearing.

7

### V. Conclusion

The Court **GRANTS** Sims and Watson's motions to proceed i*n forma pauperis*, ECF 2, 3.  The Court **DISMISSES** counts I and III as independent claims, **DISMISSES** count V under 28 U.S.C. § 1915(e)(2), and **PERMITS** counts II and IV to proceed.  Sims and Watson's requests for equitable and injunctive relief remain plausible remedies for their surviving claims.

The Court sets Sims and Watson's motion for temporary restraining order for expedited hearing on **Tuesday, October 7, 2025 at 2:00 p.m.** in Courtroom 12N of the Thomas F. Eagleton U.S. Courthouse.  Bank of America, N.A. and Compu-Link Corporation must file any written opposition no later than **Monday, October 6, 2025, at 2:00 p.m.**

The Court directs the Clerk of Court to issue summonses for Defendants Bank of America, N.A. and Compu-Link Corporation.  The Clerk shall prepare and forward to the United States Marshals Service a service packet for each defendant.  Each packet shall include: (1) a completed summons; (2) copies of the complaint, ECF 1, and all attachments; (3) Sims and Watson's Emergency Motion for Temporary Restraining Order and supporting papers, ECF 10, 11; and (4) this Memorandum and Order.

The Marshals Service shall promptly serve these materials on Bank of America, N.A. and Compu-Link Corporation through their registered agents as identified by Sims and Watson.  *See* ECF 1-7, 1-8.  In addition to formal service of process, notice of the motion and hearing may also be provided by any reliable means—including overnight courier or electronic mail directed to the companies or their registered agents—to ensure timely notice of the scheduled hearing.  Proof of service shall be filed promptly.

The Court **DENIES** Sims and Watson's motion for issuance of subpoenas, ECF 4, as premature.  The Court also **DENIES** Sims and Watson's motion for judicial notice, ECF 7.  The

Court is aware of the prior proceeding, and Sims and Watson may cite or rely on materials from that case as appropriate and as permitted by the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

So ordered this 1st day of October, 2025.

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE